**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**RYAN THOMAS GREEN,**
    **Petitioner,**

**v.**                                                **Case No. 3:10cv418/MCR/MD**

**KENNETH S. TUCKER,**
    **Respondent.**[1]
_____

**REPORT AND RECOMMENDATION**

      **Before the court is a petition for writ of habeas corpus filed pursuant to Title 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant exhibits (docs. 15-17).  On July 7, 2011, the court entered an order allowing petitioner thirty days to respond to respondent's answer (doc. 19).  On October 4, 2010, the court issued an order directing petitioner and respondent to file a memorandum addressing whether the petition should be dismissed as untimely (doc. 21).  Respondent filed a motion to dismiss the petition on October 14, 2011, stating the petition is untimely and petitioner has neither asserted nor is entitled to equitable tolling (doc. 22, p. 4). To date, petitioner has not filed a response to respondent's initial answer or a response to the court's October 4, 2010 order.  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration of all issues raised by Mr. Green, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a) of the Rules Governing Section 2254 Cases**

---

[1] Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as the respondent.

in the United States District Courts.  It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

The petitioner, Ryan Thomas Green, was indicted by grand jury in the Circuit Court of Escambia County, Florida, on three counts: (1) first degree murder with a firearm;  (2) attempted first degree murder with a firearm; and (3) armed robbery (doc. 15, ex. C, pp. 1-3).[2]  The indictment stated Mr. Green, with a premeditated design, murdered James Hallway by shooting him with a pistol and also attempted to murder Christopher Phipps by shooting him with a pistol (ex. C, p. 1).  It also stated Mr. Green took Mr. Phipps' keys and vehicle by force while carrying a pistol (ex. C, p. 1).  Mr. Green was tried by jury and adjudicated guilty on all counts on January 11, 2006 (ex. C, pp. 379-80) (Escambia County Circuit Court case no. 03-0817).  The court sentenced Mr. Green to death on Count One with 1054 days of credit time (ex. C, pp. 382-85).  It sentenced him to life imprisonment without possibility of parole on Counts Two and Three to run consecutively with Count One and without credit time (ex. C, pp.386-87).

On January 24, 2006, Mr. Green, through appointed counsel, appealed the conviction and sentence to the Supreme Court of Florida (ex. C, dkt. 451; ex. E).  He raised four issues (ex. E).  On January 31, 2008, Supreme Court of Florida *per curium* affirmed the conviction but vacated the death sentence and remanded the case for imposition of life imprisonment without parole.  *Green v. State of Florida*, 975 So.2d 1081 (Fla. 2008) (case no. SC06-211) (copy at ex. H). The court found that Mr. Green's death sentence rested on "a single aggravating circumstance"—the contemporaneous conviction for attempted murder —while the trial court found, and the Supreme Court agreed, that there were substantial mitigating factors, the most

---

[2]  Hereafter all references to exhibits will be to docs. 15-17 unless otherwise noted.

important being evidence of Mr. Green's mental illness.  *Green*, 975 So.2d at 1088.  The court held that the sentence was disproportionate because "death is not indicated in a single-aggravator case where there is substantial mitigation."  *Id.* (quoting *Almeida v. State of Florida*, 748 So.2d 922 (Fla. 1999)).  On April 7, 2008, the trial court re-sentenced Mr. Green on count one to life imprisonment without parole (ex. P, pp. 38).  Mr. Green did not appeal (*see* ex. A).

On October 6, 2008, Mr. Green filed a motion to correct illegal sentence pursuant to Rule 3.800, Florida Rules of Criminal Procedure (ex. J).[3]  He raised two claims:  1) that the court impermissibly imposed consecutive sentences for attempted first degree murder and armed robbery because they arose from the same occurrence; and 2) the court improperly calculated the sentence scoresheet.  (Ex. J, pp. 2-4).  The trial court denied claim one and dismissed claim two as facially insufficient on January 6, 2009 (ex. K).  Mr. Green did not appeal.

On June 9, 2009, Mr. Green filed a *pro se* motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, alleging four claims of ineffective assistance of trial counsel and one claim of trial court error (ex. P, p. 1-11).  The Rule 3.850 court struck the motion as facially insufficient on July 22, 2009, but it allowed him to submit a facially sufficient motion within sixty days.  (Ex. P, p. 12-13) (citing *Spera v. State of Florida*, 971 So.2d 754 (Fla. 2007) (trial court abuses its discretion when it fails to allow a defendant one opportunity to amend a facially insufficient motion for post-conviction relief)).  Mr. Green filed an amended motion for post-conviction relief on September 14, 2009, again raising four claims of

---

[3] For purposes of 28 U.S.C. § 2244(d)(2), federal courts look to the applicable state law governing filings to determine when a state application for post-conviction or other collateral review was "properly filed".  *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 364, 148 L. Ed. 2d 213 (2000); *Taylor v. Williams*, 528 F.3d 847, 850 (11th Cir. 2008).  Pursuant to the "mailbox rule," which the Florida courts apply to post-conviction pleadings filed by *pro se* prisoners, a motion is filed on the date it was deposited in the prison's mail system.  *See Haag v. State*, 591 So.2d 614, 617 (Fla.1992).

ineffective assistance of counsel and one claim of trial court error (ex. P, pp. 14-20).[4] On January 29, 2010, the Rule 3.850 court denied the claims on the merits, attaching relevant portions of the record (ex. P, pp. 30-166).

Mr. Green, proceeding *pro se*, appealed claims one and two to the First District Court of Appeal ("First DCA"), and raised a new claim alleging ineffective assistance of trial counsel. (Ex. P, p. 168; Q). The State did not file an answer brief (ex. R). On May 17, 2010, the First DCA *per curiam* affirmed the Rule 3.850 court's decision. *Green v. State of Florida*, 38 So.3d 135 (Fla. 1st DCA 2010) (Table) (copy at ex. S). Mr. Green's motion for rehearing was denied on June 25, 2010, and the mandate issued on July 13, 2010 (exs. T-V).

Mr. Green also filed a "motion to discharge natural person" on June 10, 2010 (ex. L). The court denied the motion on July 1, 2010 (ex. M). Mr. Green did not appeal the decision, and his time to appeal expired on August 2, 2010.[5]

Mr. Green filed the instant petition for federal habeas corpus on October 19, 2010 (doc. 1).[6] Respondent has not expressly waived the exhaustion requirement. *See* 28 U.S.C. § 2254(c).

## DISCUSSION

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A person in custody pursuant to a state court

---

[4] The stamp on the pleading clearly shows it was provided to prison officials for mailing on September 14, 2009, despite being signed on September 9, 2009 (ex. P, p. 14).

[5] The thirtieth day after July 1, 2010 was Saturday, July 31, 2010. Therefore, time expired on Monday, August 2, 2010.

[6] Under the federal "mailbox rule," a *pro se* federal habeas petition is deemed to be filed on the date it is delivered to prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2384-85, 101 L. Ed. 2d 245 (1988); *Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

**judgment must file a federal habeas corpus petition within one year from the latest of:**

> **(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**
>
> **(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**
>
> **(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
>
> **(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

**28 U.S.C. § 2244(d)(1);  *see also McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).  "A judgment becomes 'final' on the date on which the United States Supreme Court issues a decision on the merits of the petitioner's direct appeal or denies certiorari, or after the expiration of the ninety days in which the petitioner could file such a petition."  *Ilarion v. Crosby*, 179 Fed. Appx. 653, 654 (11th Cir. 2006) (citing *Bond v. Moore*, 309 F.3d 770, 773-74 (11th Cir.2002)).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not count toward any period of limitation.  28 U.S.C. § 2244(d)(2).**

      **The trial court entered the corrected sentence as to Count One on April 7, 2008 (ex. P, pp. 38-47). Mr. Green did not appeal his corrected sentence to the First DCA nor did he seek review in the Florida Supreme Court or the United States Supreme Court.  It is well established that when a Florida defendant does not directly appeal his conviction, his conviction becomes final thirty (30) days after rendition of the**

order of judgment of conviction and sentence.  *See*  Fla. R. App. P. 9.140(b)(3); *Walk v. State*, 707 So.2d 933 (Fla. 5th DCA 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered"); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if defendant does not appeal conviction or sentence, judgment of conviction and sentence become final when 30 day period for filing appeal expires).  Accordingly, his conviction became "final" for purposes of § 2244 on May 7, 2008.  The federal habeas statute of limitations began to run on that date.  *See* 28 U.S.C. § 2244(d)(1).

Mr. Green filed his motion to correct illegal sentence 152 days later, on October 6, 2008.  The trial court denied the motion on January 6, 2009.  This properly filed motion tolled the statue of limitations until Mr. Green's time to appeal the decision expired thirty days later, on February 5, 2009.  28 U.S.C. § 2244(d)(2); *see* Fla. R. Crim. P. 3.800(a) (movant may appeal the order within thirty days).  It then ran for 124 days until he filed his Rule 3.850 motion on June 9, 2009.  The limitations period was tolled until July 22, 2009, when the Rule 3.850 court struck the motion for facial insufficiency.  *See, e.g., Smith v. Buss*, 2011 WL 818157 at *6 (N.D. Fla. Feb. 4, 2011) (motion is not pending so as to toll limitations period when state court strikes motion as facially insufficient).  Mr. Green filed an amended Rule 3.850 motion fifty-four (54) days later, on September 14, 2009.  The pending motion tolled the limitations period until July 13, 2010, upon issuance of the First DCA mandate affirming the Rule 3.850 court's decision.  Additionally, his "motion to discharge natural person," filed after the amended Rule 3.850 motion, remained pending until August 2, 2010.  The period of limitations therefore ran for seventy-eight (78) days until he filed the instant federal petition for writ of habeas corpus in this court on October 19, 2010 (doc. 1).

## CONCLUSION

The undersigned concludes Mr. Green's federal petition was filed 408 days (152+124+54+78=408) after his conviction became final under § 2244, forty-three (43) days beyond the one-year statutory limitations period.  Furthermore, he has failed

to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review under any exception to the time bar. Therefore, respondent's motion to dismiss should be granted, and the § 2254 petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(a), Rules Governing Section 2254 Cases. A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is recommended that the court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If petitioner files an objection to this recommendation, he may bring this argument to the attention of the district judge in his objections.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 22) be GRANTED.
2.  That the petition for writ of habeas corpus (doc. 1) challenging the conviction and sentence in *State of Florida v. Ryan Thomas Green*, in the Circuit Court of Escambia County, Florida, case number 03-0817, be DISMISSED WITH PREJUDICE.
3.  That a certificate of appealability be DENIED.

Case No: 3:10cv418/MCR/MD

At Pensacola, Florida this 17th day of November, 2011.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**